HIRAM BLANCHARD et al., Plaintiffs in Error, *v.* WILLIAM MORRIS, Defendant in Error.

### ERROR TO PERRY.

The court will not interfere with the province of a jury upon slight differences of opinion; each particular case will be considered, and if the court is well satisfied that the damages awarded are too high, relief may be granted by giving a new trial.

SEE opinion of the court for a statement of the case.

P. B. FOUKE, for plaintiffs in error.

H. B. MONTGOMERY, for defendant in error.

SCATES, J. The defendant recovered a judgment for $700 for an assault and battery committed upon him, which is objected to here as excessive. There is no rule for revision of verdicts and judgments more indefinite and indefinable as a rule than this in relation to excessiveness of damages, and more especially for injuries to the person and reputation, personal and professional.

In reviewing cases of this character, the courts have made some vain effort to prescribe and fix bounds and define, but these attempts leave the rule as uncertain and intangible as ever. Nor is it capable of greater certainty while it remains within the province of a jury to fix and ascertain the compensation according to varying circumstances. It must, under the circumstances of each case, be left to the court to say, whether the amount is excessive, and to apply a corrective. The only attainable certainty is, that courts will not interfere with the province of the jury upon slight differences of opinion. It can only, therefore, be in those cases where the court is well satisfied that damages are too high under the circumstances of the particular case, that relief of this character will be given. However unsatisfactory this may be, it is only not worse than an arbitrary, graduated tariff of compensations for injuries, without regard to the ever changing circumstances of parties, and the manner, mode, and degree in the commission of them. And it would be better to withdraw all judicial supervision, and leave the question entirely to the jury than to adopt an inflexible rule of compensation. Men in the jury box, as well as out of

it, may, and doubtless are, sometimes influenced by feelings of sympathy and of indignation. But the men of the vicinage are, of all others, the best able to fix upon a true and just standard of these discretionary compensations in each case.

I make these remarks, because the damages are more in this case than are usually given in cases of bodily injury, and here there was none. Yet we cannot say they are excessive under the circumstances; for the proofs show that threats, violence, and imprisonment, were accompanied by mental fear, torture, and agony of mind.

The defendant is but a youth, and is a cripple. The plaintiffs and one of the witnesses accuse him of stealing five or six hundred dollars, and demand of defendant a confession of an infamous crime and the money under pain of death. By their mode of proceeding they intend, without injuring the body, to operate upon and torture the mind; they blindfold him; pretend to bleed him; and for the purpose of affecting his mind with fear, under the belief that he is bleeding to death, they pour water from a coffee-pot into a basin to deceive him by the sound. This torture is successfully practised until syncope supervenes. This is renewed by an attempt to hang defendant. Under this system of mental torture, he gives them thirteen or fourteen dollars. The accomplice witness calls this part of the stolen money, and the fainting a pretence.

From the proofs we see no reason to doubt but that the money belonged to the defendant, and was extorted from him by the degree of terror with which he was inspired by the belief that he was slowly bleeding to death at one moment, and was about to be hung the next.

The jury, under the circumstances, have adopted a standard of compensation by its severity, protective of the innocent, the young, and the infirm; and we cannot condemn it as excessive.

The instructions given and refused present no variance from the laws of trespasses to the person.

Objection is made to the refusal of a new trial, on the ground that defendant Hill was not shown in the court below to have participated with the others.

We cannot doubt that his object in being there, was in common with those who acted; that he went there with them, and by his presence was aiding and abetting. The common design was made known to this defendant by the witness, and the number and coöperation of all forbade that resistance by the defendant that would or might have called for more active participation by Hill. The circumstances clearly inculpate Hill; if he had been a mere spectator, he might easily have shown it

by the witness, who was a chief actor; failing to do so, his guilt is not left doubtful.

*Judgment affirmed.*